Smith, P. J.
In January, 1884, the defendant Hawley was *670 appointed receiver of the defendant, the Pfaudler Process Fermentation Company, an alleged insolvent domestic corporation, in an action in this court against said company, in which Charles A. Matthews was plaintiff. He filed a bond, in which the defendant Sargent was one of the sureties, entered upon the discharge of his. duties as such receiver, took possession of all the assets and property of the corporation, and acted as such receiver until he was enjoined and his appointment was vacated by a judgment in the present action; and he was ordered to reconvey to the company all its assets in his hands. No notice was given to the attorney-general of the application for the appointment of such receiver, but that fact was unknown to Hawley. The judgment vacating his appointment was entered upon the report of a- referee, which found, among other things, that Hawley acted as receiver of the court and is to be protected. The judgment did not so provide, but the parties appearing on the reference now under review, stipulated to proceed therein in all respects as though the judgment was so amended as to conform to said report. In December, 1884, Sargent executed an instrument in writing, wherein, after reciting the appointment of Hawley as such receiver, and the judgment setting aside such appointment, and that it was to be deemed and taken that said judgment contains a provision “that Hawley acted as a receiver of the court and is to be protected,” and that Hawley claimed to be entitled to commissions or compensation as such receiver, but such claim had' not been passed upon by the court, and the amount thereof, if he is entitled-to any, had not been fixed by the court, and that it be referred to Mr. King, the referee, to fix the fees, commission and compensation of said Hawley, if any, and that it was agreed that said Hawley should reconvey to said company certain patents that had been conveyed to him as such receiver, on being secured for the payment of his commissions or compensation when fixed by the court, and that said Sargent had agreed to be personally responsible for the payment thereof individually, the said Sargent, in consideration of the premises thereby agreed with Hawley that he would pay to him any sum that might be found due to him for his fees, commissions or compensation as such receiver, and that if Hawley should recover costs upon such reference or upon any proceedings thereon, he would also pay the same. In pursuance of such judgment and agreement, Hawley reconveyed said letters patent to said company. On the reference, Hawley’s claim for compensation was reduced by the referee to the gross sum of $100, in accordance with an agreement to that effect which the referee found, upon the testimony of Sargent and Mat *671 thews, was made by Hawley with them to that effect before his appointment, although their testimony in that respect was controverted by Hawley. The referee allowed the sum of $100 to Hawley for his services as such receiver, and also $100 counsel fees for legal services incurred by him upon the reference. Of those allowances the appellants complain.
The case seems very clear. Sargent’s agreement is conclusive upon him, as to his liability for the fees of Hawley, as receiver; and as to the amount allowed, he has no reason to complain, since the referee had adopted his own contention in that respect, and has limited Hawley’s claim accordingly. That agreement is also broad enough to include the counsel fees incurred by Hawley, upon the reference; and, in our opinion, the finding of the referee in respect to such counsel fee and its amount, is reasonable and warranted by the evidence.
As Sargent’s agreement with Hawley was made in the action in which the reference was ordered, and by parties to the action, it can properly be enforced in the action, instead of compelling Hawley to bring a separate suit to recover upon it.
It is not easy to see what interest the Pfaudler Company has in the question of the right of Hawley to Ms fees, since by the order appealed from, Sargent alone is made personally hable for their payment; but if it has any, its stipulation above referred to, authorizes the order, so far as the company is concerned. The protection to the receiver therein contemplated, by fair interpretation, extends to the allowance of a reasonable compensation to him for Ms services.
In view of the stipulation and agreement of the appellants above referred to, and their transactions and dealings with Hawley, as receiver, they cannot now be heard to question the validity of his appomtment.
The order should be affirmed, with ten dollars costs and disbursements.
Haight and Bradley, JJ., concur; Barker, J., not sittmg. _